# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

RACHEL BURD,

           Plaintiff,

vs.

CONTRYWIDE HOME LOANS, INC. &
NATIONSTAR MORTGAGE, LLC,

           Defendants.

2:15-cv-1764-GMN-VCF

**ORDER AND REPORT AND
RECOMMENDATION**

This matter involves Rachel Burd's civil action against Countrywide Home Loans and Nationstar Mortgage, LLC. Before the court are Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-1). For the reasons stated below, Ms. Burd's Application to Proceed *in forma pauperis* (#1) is granted and her complaint should be dismissed with leave to amend.

## I. Background

Ms. Burd obtained a mortgage through Countrywide Home Loans and purchased a home. (Compl. (#1-1) at 2). The note was transferred several times and eventually aquired by Nationstar Mortgage, LLC. (*Id*.) Since acquiring the note, Ms. Burd alleges that Nationstar has violated the Nevada Homeowners Bill of Rights, NEV. REV. STAT. Ann. §§ 107.500, *et seq*. (West), in several ways. She alleges:

> Nationstar has yet to send a letter of engagement nor anyform of introduction notice as required through Nevada Homeowners Bill of Rights . . ., which prohibits such action. On or about 07/04/2015 Plaintiff forwarded a "Cease and Desist" notation after servicer had refused to answer a "Validity Dispute" which was forwarded 30 days prior through USPS. However not only has servicer refused to validate said mortgage, but additionally they have been moving towards a foreclosure without any attempt to review or continue review for home retention.

---

[1] Parenthetical citations refer to the court's docket.

1

(*Id*.). Based on these allegations, Ms. Burd "now fear[s] that the servicer will continually 'rotate the point of contact' and 'never render a decision' whilst moving to foreclose will not end until his property is liquidated." (*Id*. at 3). She also alleges that it "appears evidence that [Nationstar Mortgage, LLC] has potentially violated several steps and regulations outlined" in the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. As a result, Ms. Burd commenced this action for "quiet title." (*Id*.) Her complaint also alleges claims for intentional misrepresentation, fraud, wrongful foreclosure, and injunctive relief.

## II. Discussion

Ms. Burd's filings present two questions: (1) whether she may proceed *in forma pauperis* and (2) whether her complaint states a plausible claim for relief. Both questions are addressed below.

**A.    Whether Ms. Burd may proceed *in forma pauperis*?**

Under 28 U.S.C. § 1914(a), when a civil action is brought in federal court a filing fee is required to commence the action. However, a person who is unable to pay this fee may submit an affidavit to show that they are unable to pay these costs. 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g*., *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Ms. Burd asserts in her application to proceed *in forma pauperis* that she is unemployed and her only source of income is from disability and social security payments. (#1). She further asserts that her total monthly income is $1398; $479 from Social Security and $894 which comes from disability payments. *Id.* Ms. Burd asserts that she has $108.90 in the bank and incurs a monthly expense of $817 for

her energy, insurance, water, gas food and medical bills. (#1 at 2). Accordingly, Ms. Burd's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).

**B.    Whether Ms. Burd's complaint states a plausible claim for relief**

Ms. Burd's filings present a second question: whether her complaint states a plausible claim for relief. The court's analysis begins with the governing law.

1.    Legal Standard

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)  states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are conclusory, "merely consistent with liability," *Id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681; *see also United States v. Balcar*, 141 F.3d

1180, 1180 (9th Cir. 1988) ("None of these conclusory arguments are discussed in any depth and we thus decline to address them.").

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)). If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

2.    <u>Analysis</u>

The court recommends dismissing Ms. Burd's complaint with leave to amend for several reasons. First, it is unclear from Ms. Burd's complaint whether a live controversy exists. She states that Defendants failed to comply with certain recordkeeping requirements and, as a result, "fears" that she will suffer harm. Because Ms. Burd does not allege an actual or imminent injury, the ripeness doctrine precludes the court from hearing her claim.

"The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (internal quotation marks omitted). The ripeness doctrine is "a question of timing," *Reg'l Rail Reorg. Act Cases*, 419 U.S. 102, 140 (1974), designed "to separate matters that are

4

premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action," *Portman v. Cnty of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993) (internal quotation marks omitted). "[T]hrough avoidance of premature adjudication," the ripeness doctrine prevents courts from becoming entangled in "abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

To avoid a ripeness issue, a plaintiff must allege an "injury in fact." *See Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (stating that the ripeness inquiry overlaps with the standing inquiry). The inquiry is whether the issues presented are "definite and concrete, not hypothetical or abstract." *Id.* (citing *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc)). Because Ms. Burd does not allege an actual or imminent injury, her dispute appears to be not ripe for review.

Nonetheless, the court addresses the merits of Ms. Burd's complaint. It states four causes of action. Each is addressed in turn. First, Ms. Burd states a claim for quiet title. This claim fails as a matter of law. Under Nevada law, quiet title action may be brought by someone who claims an adverse interest in property. NEV. REV. STAT. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 918 P.2d 314, 318 (Nev. 1996). As a result, courts in the Ninth Circuit have repeatedly held that a plaintiff may not commence an action for quiet title without demonstrating that the plaintiff has discharged the underlying debt. *See, e.g.*, *Fuleihan v. Wells Fargo*, No. 2:09-CV-1877-RCJ-PAL, 2010 WL 3724186, at *5 (D. Nev. Sept. 15, 2010) *aff'd sub nom. Fuleihan v. Wells Fargo Bank, NA*, 476 F. App'x 687 (9th Cir. 2012) (string citation omitted). Here, Ms. Burd concedes that the underlying debt has not been discharged.

Second, Ms. Burd states a claim for wrongful foreclosure. This claim also fails as a matter of alw. Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in

default on the mortgage loan. *See Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610, 623 (Nev. 1983) (reversing summary judgment where there was a dispute of fact about whether nonpayment was appropriate). A claim for wrongful foreclosure prior to sale is not actionable. *Futch v. BAC Home Loans Servicing, LP*, No. 2:10-CV-02256-KJD, 2011 WL 4544006, at *2 (D. Nev. Sept. 29, 2011) aff'd, 573 F. App'x 636 (9th Cir. 2014)). Here, it is unclear whether Ms. Burd is in default and whether the underlying property has been foreclosed upon and sold. Because the complaint does not allege these facts, its allegations do not support a plausible claim for wrongful foreclosure.

Third, Ms. Burd's complaint also states a claim for fraudulent misrepresentation. *See* (Compl. (#1-1) at 5). To state a claim for fraudulent misrepresentation, a plaintiff must satisfy Federal Rule of Civil Procedure 9(b)'s heightened-pleading standard. It requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Additionally, the complaint must plausibly allege (1) a false representation made by the defendant, (2) defendant's knowledge or belief that its representation was false, (3) defendant intended to induce plaintiff to act upon the misrepresentation, and (4) damage. *See Barmettler v. Reno Air, Inc.,* 114 Nev. 441, 447, 956 P.2d 1382, 1386 (1998).

Ms. Burd's complaint fails to state a plausible claim for fraudulent misrepresentation. Rather than provide the court with facts in support of each element, her complaint contains a page-long recitation of the law, which concludes stating "Plaintiff believe that all elements are met in this particular case. The failure of the hired agents of servicers to render a decision, and or review options for homeowner is an overt act. The Defendant has used agent to defraud while moving towards liquidation." (Compl. (#1-1) at 6). These allegations are conclusory, speculative, and do not satisfy *Iqbal* or Rule 9(b)'s pleading requirements. Therefore, Ms. Burd should be granted leave to amend this claim.

Finally, Ms. Burd alleges states a claim for injunctive relief. Injunctive relief is not a separate cause of action or an independent ground for relief. *See In re Wal–Mart Wage & Hour Employ. Practices Litig.*,

490 F. Supp. 2d 1091, 1130 (D. Nev. 2007) (dismissing the count for injunctive relief because it was not an independent ground for relief or a separate cause of action). To obtain a preliminary injunction, a plaintiff must show: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Resources Def. Council*, Inc., 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). Because the court recommends dismissing each of Ms. Burd's underlying claims, she is not entitled to injunctive relief at this time.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (Doc.#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint (#1-1).

IT IS RECOMMENDED that Ms. Burd's QUIET TITLE and WRONGFUL FORECLOSURE claims be DISMISSED.

IT IS FURTHER RECOMMENDED that Ms. Burd's FRAUDULENT MISREPRESENTATION claim and request for a PRELIMINARY INJUNCTION be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that the District Judge set a DEADLINE to file an amended complaint, in the event that this report and recommendation is adopted.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of November, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE