**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RACHEL G. BURD,

          Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC; *et.al.*,

          Defendants.

Case No. 2:15–cv–1764–GMN–VCF

**REPORT & RECOMMENDATION**

AMENDED COMPLAINT (ECF NO. 7)

      Before the court is Burd's amended complaint. (ECF No. 7). Burd was previously granted leave to proceed with this action *in forma pauperis*. (ECF No. 4). Pursuant to 28 U.S.C. § 1915(e)(2), the court screens Burd's amended complaint to determine whether his amended complaint is frivolous, malicious, or fails to state a claim for which relief may be granted. For the reasons stated below, Burd's amended complaint should be dismissed with prejudice for failure to state a claim.

## I. Legal Standard

      Because the court granted Burd's application to proceed *in forma pauperis*, it must review her complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Burd's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

      Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible."

1

556 U.S. 662, 680 (2009).  The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief.  *Id.* at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."  *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

/// /// ///

/// /// ///

## II. Discussion

1. <u>Burd's Amended Complaint Fails to State a Claims for Which Relief May be Granted</u>

Burd's amended complaint alleges a single cause of action for intentional misrepresentation. (ECF No. 7 at 4)  To state a claim for intentional misrepresentation, a plaintiff must allege "(1) the defendant made a false representation; (2) with the knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation); (3) and was made with the intention of inducing the party to act or reframe from acting upon the misrepresentation; (4) plaintiff justifiably relied upon the misrepresentation; and (5) plaintiff suffered damage as a result of the reliance." *Scaffidi v. United Nissan*, 425 F.Supp. 2d 1159, 1168-69 (D.Nev. 2005).  An intentional misrepresentation claim must meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *Santivanes v. Bank of New York Mellon*, Case No. 2:13-cv-299-JCM (GWF), 2013 WL 2153094 at* 3 (D.Nev. May 16, 2013).  Although Burd argues that a "relaxed standard" for pleading misrepresentation should apply to her pleadings, this court cannot determine if her argument is supported by any authority.[1] (ECF No. 7 at 5)

Burd's amended complaint does not meet this heightened pleading standard.  After a two-page recitation of the law, Burd states that "[t]he Plaintiff believes that all elements are met in this particular case.  The failure of the hired agents of servicers to render a decision, and or review options for homeowner is an over act.  The Defendant has used agents to defraud while moving towards liquidation."  (ECF No. 7 at 6)  The court rejected this exact allegation in Burd's original complaint. (ECF No. 4)  Burd's attempt to recycle her previously rejected allegations demonstrates that further amendment would be futile.

---

[1] The sentences in this portion of Burd's amended complaint are followed by bracketed numbers.  These numbers appear to be footnote citations.  This court however cannot find a corresponding footnote or citation.  (ECF No. 7 at 5)

3

2.      Burd's Request for Preliminary Injunction Should Be Denied

To obtain a preliminary injunction, a plaintiff must show: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). In support of her request for a preliminary injunction, Burd states that "[p]laintiff has shown that the continuance of conduct by Defendant will in fact cause irreparable harm." (ECF No. 7 at 8)  This conclusory statement fails to satisfy any of the four elements required for a preliminary injunction.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Burd's amended complaint (ECF No. 7) be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that Burd's motion for a preliminary injunction (ECF No. 8) be DENIED.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO RECOMMENDED.

DATED this 4h day of August, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE